# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-2734
LT Case No. 2023-CF-000078

_____

ELLIOTT ANDERSON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On Appeal from the Circuit Court for St. Johns County.
R. Lee Smith, Judge.

Matthew J. Metz, Public Defender, and Ali L. Hansen, Assistant
Public Defender, Daytona Beach, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Stephen R.
Putnam, Jr., Assistant Attorney General, Daytona Beach, for
Appellee.

February 23, 2024

PER CURIAM.

    In this *Anders* appeal,[1] we affirm the judgment and sentence
imposed by the trial court following Appellant's admission to

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

violating his probation.  However, we remand for the correction of errors in the order of revocation of probation and in the final judgment assessing costs following the violation of probation ("VOP") proceeding.

First, the order revoking probation included that Appellant also violated condition 9 of his probation.  Appellant did not admit to, nor did the trial court orally announce, a condition 9 violation. We therefore remand for the entry of a corrected order that does not show the condition 9 violation.  *See Fletcher v. State*, 286 So. 3d 923, 924 (Fla. 5th DCA 2019) (affirming conviction and sentence following the appellant's admission to violating probation but remanding for the entry of a corrected order of revocation of probation to reflect those conditions the appellant admitted to violating).

Second, the cost judgment entered following the violation of probation proceeding errantly includes a $352 assessment under section 938.085, Florida Statutes (2022).  The trial court is directed to enter an amended VOP cost judgment that does not include this assessment.

Third, in addition to assessing certain costs incurred due to the VOP proceeding, the VOP cost judgment reassesses the $100 cost of prosecution, $100 cost of indigency defense, and $50 public defender's application fee previously imposed when Appellant was first sentenced.  We direct that the trial court amend the VOP cost judgment to delete these duplicative costs.  *See Chivese v. State*, 295 So. 3d 324, 326 (Fla. 5th DCA 2020).

Lastly, the VOP judgment for costs includes a $100 cost of investigation assessment that was not requested in the VOP proceeding.  Pursuant to *Richards v. State*, 288 So. 3d 574 (Fla. 2020), this cost is not to be included in the amended cost judgment.

AFFIRMED; REMANDED with directions to issue an amended cost judgment and a corrected order of revocation of probation consistent with this opinion.

LAMBERT, EISNAUGLE, and MACIVER, JJ., concur.

2

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____